

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 17, 2017**

**United States Bankruptcy Judge**

___

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| NATASHA NICOLE TEAGUE, | § | Case No. 15-34296-hdh7 |
| | § | |
| Debtor. | § | |
| | § | |
| NATASHA NICOLE TEAGUE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. No. 16-03007-hdh |
| | § | |
| TEXAS GUARANTEED STUDENT | § | |
| LOAN CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On January 10, 2017, the Court held a trial to consider the *Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(8)* [Docket No. 1] (the "Complaint") filed by Natasha Nicole Teague (the "Debtor") on January 15, 2016.  Through the Complaint, the

Debtor seeks to discharge her student loans owed to Texas Guaranteed Student Loan Corporation ("TGSLC").[1]

The following are the Court's Findings of Fact and Conclusions of Law.[2] The Court has sympathy for the Debtor's situation and was impressed by the way in which she has handled this adversary proceeding, and the trial in particular. However, based on these Findings of Fact and Conclusions of Law, the Court determines that the Debtor has not met her burden of showing undue hardship under 11 U.S.C. § 523(a)(8).

## I. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This adversary proceeding involves a core matter under 28 U.S.C. § 157(b)(2)(A) and (I), as the adversary proceeding involves a determination as to the dischargeability of a particular debt. Venue for this adversary proceeding is proper pursuant to 28 U.S.C. § 1409(a).

## II. FINDINGS OF FACT

The Debtor earned a Bachelor of Business Administration degree in Marketing from the University of North Texas in 2004 and a Bachelor of Arts degree in Photography from the Savannah College of Art and Design in 2014. In order to pay for her studies, the Debtor obtained several student loans, some of which were consolidated in February of 2006 into two federal student loans (the "Loans"). The Loans were originally held by North Texas Higher Education Authority, Inc. ("NTHEA"), serviced by Higher Education Servicing Corp. ("HESC"), and guaranteed by TGSLC. On April 5, 2016, NTHEA and HESC submitted a claim to TGSLC

---

[1] The Complaint originally named the Higher Education Servicing Corporation as the defendant, but TGSLC filed a motion, which the Court granted, to be substituted in as the proper defendant in this action.

[2] The following are the Court's Findings of Fact and Conclusions of Law, issued pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7052. Any Finding of Fact that more properly should be construed as a Conclusion of Law shall be considered as such, and *vice versa*.

seeking payment for the amount of the Debtor's outstanding student loan debt pursuant to TGSLC's guarantee, and as part of submitting such claim, NTHEA and HESC assigned all right, title, and interest in the Loans to TGSLC. As a result, TGSLC is the current owner and holder of the Loans.

A total of $19,461.73 was disbursed on account of the Loans. Between February 2006 and October 28, 2015, the date on which she filed her bankruptcy petition (the "Petition Date"), the Debtor made 58 monthly payments on each of the Loans, totaling $8,653.44. The only time the Debtor did not make payments was when she received forbearance for returning to school and during times of unemployment. The total payoff amount for the Loans as of November 10, 2015, roughly two weeks after the Petition Date, was $14,023.45.

The Debtor is unmarried, 33 years old, and has no dependents. The Debtor had taxed social security earnings of $19,030 in 2005, $38,566 in 2006, $46,942 in 2007, $49,550 in 2008, $20,935 in 2009, $17,084 in 2010, $46,041 in 2011, $12,500 in 2012, $232 in 2013, $22,712 in 2014, and $41,916 in 2015. The Debtor held various jobs during those years, rarely staying in one job for more than a year or two. The Debtor is currently employed and earns an annual salary of $40,000. Her current net monthly income is approximately $2,533. Her total monthly expenses—including support for her family members, savings, and payments on her other student loans already determined to be nondischargeable[3]—exceed $3,500.

The Debtor was diagnosed with scoliosis in 2015. The Debtor's medical condition impacts her ability to work in a position that requires sitting or standing for extended periods of time or lifting objects. However, the Debtor's condition has not prevented her from gaining employment.

---

[3] *See* Adversary Proceeding No. 16-3005 and Adversary Proceeding No. 16-3006.

Further, the Debtor testified at trial that her medical condition is not a disability and is manageable and treatable at this time.

### III.   CONCLUSIONS OF LAW

The Debtor's Loans constitute "an educational . . . loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution" as provided by 11 U.S.C. § 523(a)(8)(A)(i).

The Court is bound by Fifth Circuit precedent requiring a debtor seeking an "undue hardship" discharge of student loans under section 523(a)(8) to satisfy the following test:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for himself and his dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*United States Dept. of Educ. v. Gerhardt (In re Gerhardt)*, 348 F.3d 89, 91 (5th Cir. 2003) (citing *Brunner v. New York State Higher Educ. Services Corp.*, 831 F.2d 395, 396 (2d Cir. 1987)).  This three-prong test is commonly referred to as the *Brunner* test and is the controlling law in this Circuit as established in *Gerhardt*.  The Debtor has the burden of proof to show that all three prongs of the *Brunner* test have been met.  *Kettler v. Great Lakes Higher Educ. Serving Corp. (In re Kettler)*, 256 B.R. 719, 723 (Bankr. S.D. Tex. 2000).  If one prong of the *Brunner* test is not proven, student loans cannot be discharged under an "undue hardship" theory.

The second prong of the *Brunner* test is especially difficult to meet.  *See In re Gerhardt*, 348 F.3d at 92 ("This second aspect of the [*Brunner*] test is meant to be 'a demanding requirement.'") (quoting *Brightful v. Pa. Higher Educ. Assistance Agency (In re Brightful)*, 267 F.3d 324, 328 (3d Cir. 2001)).  The "additional circumstances" required to meet the second element must be those that were not present at the time the debtor applied for the loans or were exacerbated

4

since that time. *In re Gerhardt*, 348 F.3d at 92. The circumstances must be outside the debtor's control and result in a "total incapacity" not only now, but also in the future, to pay the debts. *Id.*

"Discharge of student loans is inappropriate 'where a debtor is apparently healthy, presumably intelligent and well-educated, and shows no evidence of extraordinary burdens which would impair further employment prospects,' even if a debtor can show a current inability to meet minimum expenses . . . ." *Roach v. United Student Aid Fund (In re Roach)*, 288 B.R. 437, 445 (Bankr. E.D. La. 2003) (quoting *Shankwiler v. Nat'l Student Loan Mktg. (In re Shankwiler)*, 208 B.R. 701, 706 (Bankr. C.D. Cal. 1997)).

The Court notes that in a similar adversary proceeding stemming out of the Debtor's bankruptcy case, the Debtor sought to discharge student loan indebtedness owed to the United States Department of Education under 11 U.S.C. § 523(a)(8).[4] In that proceeding, this Court concluded that the Debtor had not met her burden under prong two of the *Brunner* test and granted summary judgment in favor of the United States Department of Education.[5]

The Court similarly concludes in this proceeding that the second prong of the *Brunner* test has not been met. The Court is not convinced that the Debtor's medical condition prevents or will prevent her from being able to earn an income that is sufficient to pay her student loan indebtedness while maintaining a minimal standard of living. Thus far, the Debtor's condition has not prevented her from obtaining gainful employment. Indeed, the Debtor is currently employed in a position with an annual salary of $40,000. She testified that she does not believe her medical condition will keep her from being employed, that it is manageable and treatable, and that it is not a disability

---

[4] Adversary Proceeding No. 16-3005.

[5] *Id.* at Docket No. 31.

at this time. Additionally, the Debtor's medical condition may improve, which could allow her more opportunities for employment.

The Debtor is highly educated and has not proven that she will be unable to obtain a raise, promotion, or higher salaried position in the future. In the past, she was able to obtain numerous jobs at higher levels of pay. In sum, the Debtor has not met her burden on the second element of the *Brunner* test and thus, she has not proven an undue hardship that would warrant a discharge of her student loan indebtedness.

Since this Court resolves the case under the second prong, it is unnecessary to discuss the first or third prongs of the *Brunner* test in depth. However, the Court finds that the Debtor has met her burden of showing that she made a good faith effort to repay the Loans because she made 58 monthly payments on the Loans and made an effort to maximize her income and minimize her expenses. In addition, the Court notes that exhibits were introduced at trial indicating that the Debtor may be able to further consolidate her loans, which could result in lower monthly payments. It is the Court's sincere desire that if the Debtor is not familiar with the options for reducing her payments that were discussed at trial, counsel for TGSLC would reach out to the Debtor to provide more information regarding how to take advantage of these options.

The Court has a great deal of sympathy for the Debtor's situation and appreciates her candor and professionalism throughout this case, but satisfying all three prongs of *Brunner* is very difficult under controlling case law. In this case, the Debtor has failed to meet her burden on the second prong and thus, her student loans are nondischargeable. Counsel for TGSLC should submit a judgment to the Court finding that the Loans are nondischargeable pursuant to section 523(a)(8).

### End of Findings of Fact and Conclusions of Law ###